# REPUBLIC OF HAWAII *v.* J. G. WAIBEL.

APPEAL FROM DISTRICT COURT OF HONOLULU.

SUBMITTED JUNE 21, 1897.        DECIDED OCTOBER 30, 1897.

FREAR AND WHITING, JJ., AND CIRCUIT JUDGE CARTER, IN
PLACE OF JUDD, C.J., ABSENT.

Section 56, Act 64, Laws of 1896, provides that "the annual fee for a
license to solicit or order or sell goods, wares and merchandise
by sample," etc. The court construes the words "solicit or order" as "solicit orders for," etc.

Section 4, Act 64, Laws of 1896, provides that "any person who shall
* * * engage in or carry on any business or do any act herein
enumerated, the engaging in or doing which is herein required to
be licensed, without first obtaining a license issued in conformity
with the provisions of this Act * * * shall be guilty of a
misdemeanor." The court construes this to mean an *appropriate*
license issued in conformity with the provisions of the Act.

OPINION OF THE COURT BY WHITING, J.

The defendant was charged with violating Section 56, Act 64,
Laws of 1896, by soliciting orders for goods, wares and mer-
chandise by sample and as the representative of certain foreign
houses which do not hold any merchandise license.

Act 64, Laws of 1896, is an Act amending and consolidating
the laws regulating licenses. Section 56. The annual fee for
a license to solicit or order, or sell goods, wares and merchandise
by sample, by any person representing any foreign house, com-
pany or corporation, which does not hold a merchandise license,
shall be five hundred dollars for the Island of Oahu, and two

hundred and fifty dollars for each other Island of the Republic; Oahu excepted.

Section 3. From and after the date of the passage of this Act, all licenses issued for carrying on the several businesses or doing the acts herein enumerated, shall be issued by the Minister of the Interior in accordance with the terms and conditions and for the fees herein enumerated for the respective terms of one year from the several dates of issue. *The carrying on of any business, or the doing of any act herein enumerated, except upon obtaining a license in conformity with the provisions of this Act, is hereby forbidden.*

Section 4. Any person or persons, who shall after the date of the passage of this Act *engage in* or *carry on any business,* or do any act herein enumerated, *the engaging in* or *doing which is herein required to be licensed,* without first *obtaining a license issued in conformity* with the provisions of this Act; or who shall sell any goods, wares or merchandise, produce, or thing of value, contrary to the provisions of this Act; or who shall violate or fail to observe any of the provisions of this Act, shall be guilty of a misdemeanor and upon conviction shall, unless otherwise herein provided, be fined a sum not less than the annual fee, and not more than twice the annual fee herein prescribed, for the carrying on of such business or the doing of such act.

The defendant moved for his discharge as no offense was stated, which motion was denied; and the following points of law were thereupon certified to this Court:

1. That the District Magistrate erred in overruling defendant's motion to discharge.

2. That no offense against said Section 56, Chap. 64, Laws of 1896, has been shown.

THE EVIDENCE.

a. A license to the J. G. Waibel Company to sell spirituous liquors at wholesale.

b. A license to the J. G. Waibel Company to sell imported goods, wares and merchandise.

c. The voluntary statement of J. G. Waibel to the Marshal concerning the nature and method of conducting business now being done by him in the Hawaiian Islands.

"I am an American citizen, and on a former occasion resided here some four years and a half. I have been in Honolulu this time since the 12th of December, 1896. I came down to establish myself permanently in business. I am doing business under the firm name of J. G. Waibel Company. It is a registered copartnership, consisting of myself, resident of Honolulu, and John C. Nobmann, residing in San Francisco.

In San Francisco we do business as copartners under the firm name of the Pacific Mercantile Company. We have a permanent office with the Hawaiian Cycle Manufacturing Company here, with a sample room upstairs.

When starting in Honolulu, I stated the nature of the business, I intended to conduct, at the Interior Department. I took out a wholesale spirit license paying $500 cash, and also a general merchandise license paying $50 therefor. These two licenses are attached hereto. We do, under these licenses, a general merchandise business, and also a commission and brokerage business for two San Francisco firms, to wit, The Standard Biscuit Company, manufacturers of biscuits, etc., and H. Levi & Company, doing business as wholesale grocers.

Outside of the commission and brokerage business for the two firms aforesaid, and in the conduct of the general merchandise business, our method is as follows: We do no retail or jobbing business, confining ourselves strictly to importers. I, at this end of the line solicit from local importing houses orders in any lines we handle. Upon receiving an order, I forward it to my partner in San Francisco. He buys on our account and credit to the best advantage and the difference between what we pay there and what we get here is our profit, being in the nature of profits and having no element of commission in it.

The Pacific Mercantile Company is in fact practically a purchasing agency, and this is equally true of the J. G. Waibel Company. In the line of wines and liquors our purchases in

San Francisco are not by any means limited to orders received. If we see an opportunity to buy to good advantage, we do so as against subsequent or expected orders. For instance, we have several thousand gallons of wine and liquors in stock in San Francisco lying partly in bonded warehouses and elsewhere. We also have a shipment of wines on the way here, ordered on our own account. These orders solicited as aforesaid are filled in San Francisco and forwarded directly, the bills of lading coming to the purchaser in most cases, and the bills being made out in the name of the Pacific Mercantile Company.

Our dealings on commission with the Standard Biscuit Co. and H. Levi & Co. are as follows: I solicit orders from local business houses quoting prices. I have nothing to do with the forwarding of the orders, very often not knowing what the orders are or that any orders have gone forward. My object being merely to keep their goods on the market and their name before the local houses. The soliciting being more in a general way of reminding purchasers from time to time to keep those firms before them and to remember them when ordering. For these services we get a commission upon all goods sent into the Hawaiian Islands by either of those firms, irrespective of the motive or circumstances under which the orders were given and irrespective of whether the goods were forwarded direct by these houses whom I represent or were delivered to other houses in San Francisco who forwarded them to Hawaii.

It sometimes results that we get a commission on goods that have come to the Hawaiian Islands indirectly from the firms that we represent and without even their knowledge that any such goods had come our way. Upon our proving or calling their attention to the fact that goods have come in that way, we have our commission.

Wines and liquors are procured by us through the Pacific Mercantile Company, which procures them by direct purchase. In establishing this business, we have come to stay and desire to comply with the local laws and if anything above recited is contrary to law, we wish to know it, and set the matter right.

We have as yet attempted no branch work of any kind outside of Honolulu, though we should like to know under what circumstances and under what licenses we can send soliciting agents to the other islands."

(sig.)                    The J. G. Waibel Co. by
                                        J. G. Waibel.

The main question submitted to us is the construction of Section 56 of Act 64, Laws of 1896, to wit: "An annual fee for a license to solicit or order or sell goods, wares and merchandise by sample."

What is the meaning of "solicit or order" as used in this section and can they be construed so as to give effect to the law? In other words, can a construction be given them so that solicit means solicit orders for goods?

The rules for the construction of laws laid down in the Civil Code, are as follows:

Section 10. "Where the words of a law are dubious, their meaning may be sought by examining the context, with which the ambiguous words, phrases and sentences may be compared, in order to ascertain their true meaning."

Section 12. "One of the most effectual ways of discovering the true meaning of the law, when its expressions are dubious, is by considering the reason and spirit of it, or the cause which led the Legislature to enact it."

Section 13. "When the words of a law are ambiguous, every construction which leads to an absurdity should be rejected."

It appears to us that the clear intention of the Legislature was to prevent a person, not holding a commercial traveler's license, from soliciting orders for goods, &c., by sample. The letter of the law is "solicit or order or sell." To construe the clause merely as "solicit goods," &c., by sample results in an absurdity and must be rejected.

"In *Shillaber v. Waldo*, 1 Haw. 41, the Court decided that the word "liquidated" used in a certain part of the law providing for attachments upon liquidated demands, meant "unliquidated."

In the *People v. Hoffman*, 97 Ill. 236, the court read into the statute the words "*a capias ad respondendum*" in place of the words "*a capias ad satisfaciendum*" which would, without the change, make the statute absurd.

There have been several acts of the Legislature relating to commercial travelers' license.

Chap. 55, Laws of 1888, was an act to regulate the sale of wares and merchandise by commerical traveling agents from foreign countries. In this Act, the agent or representative of a foreign house was prohibited from "selling" goods, wares, &c., without a special commercial traveler's license.

This Act was amended in 1890, Chapter 33, Laws of 1870. Sec. 1 "The word 'sell' as used in Chap. 55, Laws of 1888, besides its usual and accepted meaning may be also construed to mean the soliciting of orders for goods, wares and merchandise by sample or otherwise."

We feel no difficulty in construing "solicit" to mean "solicit orders for," as such is clearly the intent of the Legislature, the real meaning of this section of the law, and is the mischief to be prevented? We are also of the opinion that the offense of "soliciting orders for goods, &c., by sample," is sufficiently within the letter of the law, it being the offense for which the law was enacted.

The defendant also claims that, under Section 4, Act 64, Laws of 1896, quoted *supra*, the holding of any license under the whole Act, is a defense and protection. This penal section "provided that any person who shall engage in or carry on any business or do any act herein enumerated the engaging or doing which is herein required to be licensed without obtaining a license issued in conformity with the provisions of this Act * * shall be guilty of a misdemeanor."

The Act is a general law regulating licenses and is substantially a codification of the license laws, and contains numerous classes of licenses,—such as licenses for carrying and using fire arms, the sale of awa, the sale of goods, wares and merchandise, butcher, beef, pork, alcohol, hotels, restaurants, banking, boats

and boatmen, milk peddlers and numerous others, but to say that the holding of one license is sufficient to protect the person for doing acts or engaging in business which requires a different license is absurd. The meaning of the words " a license in conformity with the provisions of this act" is an appropriate license in conformity, &c.

The evidence, though very unsatisfactory, we find sustains the decision of the District Magistrate. The evidence is set out in full, *supra,* and the District Magistrate could and presumably did come to the conclusion that defendant had a sample room and solicited orders from local business houses for a foreign house.

This case is apparently a test of the law and we have considered it although the record does not show a complete judgment entered in the District Court.

Appeal dismissed.

*E. P. Dole,* Deputy Attorney-General for prosecution.
*Kinney & Ballou* for defendant.